IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

CANDACE A. BURLEY                                                           PLAINTIFF

v.                                CIVIL NO. 17-05176

NANCY A. BERRYHILL, Commissioner                         DEFENDANT
Social Security Administration

**<u>MEMORANDUM OPINION</u>**

Plaintiff, Candace A. Burley, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claim for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI") benefits under Titles II and XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

Plaintiff protectively filed her applications on March 25, 2014, alleging an inability to work since February 28, 2014, due to depression, post-traumatic stress disorder (PTSD), gastritis, colitis, carpal tunnel syndrome in both hands, and a blood clot. (Tr. 20, 235). An administrative hearing was held on June 30, 2015, at which plaintiff appeared with counsel and testified. (Tr. 39-55).

By written decision dated July 14, 2016, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe: bilateral carpal tunnel syndrome, status post-surgical release; obesity; degenerative disc disease; post-

1

traumatic stress disorder (PTSD); anxiety disorder; affective disorder; borderline personality disorder. (Tr. 227). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 23-24). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she is limited to frequent handling and fingering bilaterally; and limited to performing work where interpersonal contact is incidental to the work performed, learned by rote, few variables, little judgment, and supervision is simple, direct, and concrete.

(Tr. 24). With the help of a vocational expert, the ALJ found Plaintiff would be unable to perform any of her past relevant work but would be able perform the representative occupations of a power screwdriver operator, or a compression molding machine tender. (Tr. 26-27).

Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 9). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 14, 15).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent

positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

Plaintiff brings the present appeal claiming the ALJ's decision must be remanded due to the submission of new and material evidence submitted after the hearing which contradicts the ALJ's findings regarding the severity of Plaintiff's degenerative disc disease and his evaluation of Plaintiff's subjective complaints. (Doc. 14, pp. 1-4). Plaintiff also argues the Commissioner's decision must be reversed because the ALJ failed to fully and fairly develop the record regarding Plaintiff's physical limitations. (Doc. 14, pp. 4-7). The Court has reviewed the entire transcript and the parties' briefs. For the reasons stated in the ALJ's well-reasoned opinion and in the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, 364 Fed. Appx. 307 (8th Cir. 2010)(district court summarily affirmed the ALJ).

IT IS SO ORDERED this 28th day of March 2019.

/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE